FILED BY ___ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE 05 OCT -5 AM 9: 48
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

JOSHUA HUMPHREY and
JEFF DAVIS,

        Plaintiffs,

v.                                                                  No. 05-2398 B

CITY OF MEMPHIS and
ERIC RICHARDSON, individually,

        Defendants.

---

## ORDER GRANTING MOTION TO DISMISS OF DEFENDANT CITY OF MEMPHIS

---

On September 1, 2005, this Court entered an order directing the Plaintiffs, Joshua Humphrey

and Jeff Davis, who are represented by counsel, to show cause why the motion to dismiss filed by

the Defendant, City of Memphis, should not be granted. In its show cause order, the Court noted as

follows:

> On July 13, 2005, the Defendant, City of Memphis, moved for dismissal pursuant to
> Rule 12(b)(6) of the Federal Rules of Civil Procedure. To date, no response has been
> filed on behalf of the Plaintiffs, even though the deadline for such response under the
> Local Rules of this district has passed. See LR7.2(a)(2) (responses to Rule 12(b)
> motions must be filed within 30 days of service of the motion).

(Order to Show Cause Why Mot. of Def. City of Memphis to Dismiss Should Not Be Granted at 1)

The Court instructed the Plaintiffs to respond to the September 1 order within 15 days of the entry

thereof, admonishing them that "[f]ailure of the Plaintiffs to respond in a timely manner to this order

may result in the granting of the motion." (Order to Show Cause Why Mot. of Def. City of Memphis

to Dismiss Should Not Be Granted at 1) According to the Court's docket, no filings have been made

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-5-05

by the Plaintiffs since entry of the show cause order.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to

2

dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that his failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiffs have failed to file any response to the dispositive motion filed nearly three months ago and have violated the directives of this Court by failing to respond to the show cause order. In short, the Plaintiffs, who are represented by counsel, have made no effort whatever to move this case forward. Clearly, the necessity of monitoring a case that the Plaintiffs have dilatorily permitted to languish indefinitely works some hardship on this Defendant. In addition, the Plaintiffs have been cautioned by the Court concerning the ramifications of failures to comply with Court orders. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiffs' failure to prosecute their case against this Defendant.

Based on the foregoing, the motion of the Defendant, City of Memphis, is hereby GRANTED and the Plaintiffs' claims against this Defendant are hereby DISMISSED with prejudice.

IT IS SO ORDERED this 4th day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 9 in case 2:05-CV-02398 was distributed by fax, mail, or direct printing on October 5, 2005 to the parties listed.

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Tim W. Smith
LAW OFFICE OF TIM W. SMITH
352 Poplar View Lane, E.
Collierville, TN 38017

Honorable J. Breen
US DISTRICT COURT