Case 2:05-cv-02398-JDB-dkv   Document 15   Filed 12/14/05   Page 1 of 4   PageID 29

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC 14  AM 10: 24

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN - MEMPHIS

JOSHUA HUMPHREY and
JEFF DAVIS,

    Plaintiffs,

v.                        No. 05-2398 B

CITY OF MEMPHIS and
ERIC RICHARDSON, individually,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF

In an order entered October 5, 2005, this Court granted the motion of the Defendant, the City of Memphis (the "City"), for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Before the Court is the motion of the Plaintiffs, Joshua Humphrey and Jeff Davis, for relief from the October 5 order pursuant to Fed. R. Civ. P. 60(b)(1).

Rule 60(b) permits the Court, "upon such terms as are just," to relieve a party from a final judgment or order for

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The catch-all provision of subsection (6) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 12-14-05



McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002) (citing Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519 (6th Cir. 2001)).

Counsel for the Plaintiffs, Tim W. Smith, avers that he was previously employed by the law firm of Shuttleworth Williams, PLLC and that, on October 5, 2005, his former firm received the Court's order via fax. The order was hand delivered to Smith at his new address on October 20, 2005 by Shuttleworth paralegal Andrea Holley. According to her affidavit, Smith informed Holley that he had seen neither the October 5 order nor the Court's show cause order entered September 1, 2005. She stated that as late as October 22, 2005 copies of orders entered by the Court in cases involving Smith continued to be sent to Shuttleworth's fax number. When Holley telephoned the Clerk's office to advise it of the problem, she was told an attempt would be made to resolve the problem.

Since it appears counsel for the Plaintiffs never received the show cause order, the Court is obliged to grant the relief sought, particularly in light of the importance placed by the Sixth Circuit on prior notice to a party that his failure to comply with a court order may result in the harsh sanction of dismissal. See Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam). The Court finds it somewhat disturbing, however, that counsel has offered no explanation for his failure to respond to the motion to dismiss or to better monitor his caseload after leaving his former law firm. Clearly, it is counsel's responsibility to ensure his Clerk's office contact information is updated and correct. Counsel is admonished that his actions here will reflect poorly in the event of any future failure to comply with Court directives in this matter.

Based on the foregoing, the motion of the Plaintiffs is hereby GRANTED and the Court's order of dismissal is VACATED. Accordingly, the deadlines as set forth in the scheduling order are

2

reinstated and the Clerk is instructed to forward a copy of this order to the Court's case manager for replacement of the pretrial conference and trial on the Court's calendar pursuant to the August 30, 2005 setting letter. The Clerk is further directed to enter on the docket Plaintiffs' response to the City's motion to dismiss, which is attached as Exhibit A to their memorandum of law in support of the October 26, 2005 Rule 60(b) motion.

    IT IS SO ORDERED this 14th day of December, 2005.

                                      J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 15 in case 2:05-CV-02398 was distributed by fax, mail, or direct printing on December 14, 2005 to the parties listed.

---

Tim W. Smith
LAW OFFICE OF TIM W. SMITH
352 Poplar View Lane, E.
Collierville, TN 38017

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Honorable J. Breen
US DISTRICT COURT