IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JOSHUA HUMPHREY and
JEFF DAVIS,

    Plaintiffs,

v.                                        No. 05-2398 B

CITY OF MEMPHIS and
ERIC RICHARDSON, individually,

    Defendants.

---

ORDER OF DISMISSAL AS TO DEFENDANT RICHARDSON

---

On October 11, 2005, this Court entered an order directing the Plaintiffs, Joshua Humphrey and Jeff Davis, to show cause why their claims against the individual Defendant, Eric Richardson, should not be dismissed for failure to prosecute. Based on information from Plaintiffs' counsel that he had not received the show cause order due to a change of address for his law practice, a second show cause order was issued on December 14, 2005 and mailed to the new address provided by counsel. The December 14 filing ordered the Plaintiffs to respond thereto within eleven days. According to the docket, no response has been filed, even though the time for such response has expired. The Plaintiffs were admonished that "[f]ailure to timely respond *will* result in dismissal of the Plaintiffs' claims against Richardson." (Order Directing Clerk of Court to Mail to Pls.' Counsel Oct. 11, 2005 Order to Show Cause Why Claims Against Ind. Def. Should Not Be Dismissed and Second Order to Show Cause at 2) (emphasis in original).

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to

comply with [the Federal Rules of Civil Procedure] or any order of court . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S.Ct. 178, 139 L.Ed.2d 119 (1997).

The Sixth Circuit has articulated four factors to be addressed by the Court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that a failure to cooperate may result in dismissal is important to support the sanction. Vinci

<u>v. Consolidated Rail Corp.</u>, 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

As outlined above and in previous orders, the Plaintiffs have completely failed to pursue their claims against this Defendant, who has never made an appearance in this case. Clearly, the necessity of monitoring a case that the Plaintiffs have dilatorily permitted to languish indefinitely as to some Defendants works at least a modicum of hardship on remaining parties seeking disposition of the action. In addition, the Plaintiffs have been specifically advised that failure to timely respond would result in dismissal of their claims against Richardson. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiffs' failure to move this case forward as to the individual Defendant. Based on the foregoing, the Plaintiffs' complaint against Defendant Richardson is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 3rd day of February, 2006.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE